UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL ELLIS ANGER,

      Plaintiff,

v.

GRETCHEN WHITMER, ET AL,

      Defendants.

_____/

Civil No. 2:20-cv-11715
Honorable Linda V. Parker

## OPINION AND ORDER SUMMARILY DISMISSING CASE AND DENYING AS MOOT PLAINTIFF'S MOTION TO ADJUDICATE CASE AS A COMPANION MATTER AND FOR TEMPORARY RESTRAINING ORDER

On April 24, 2020, Plaintiff Daniel Ellis Anger, a Michigan inmate, filed

this civil rights action pursuant to 28 U.S.C. § 1983.   Plaintiff is suing the

Governor of Michigan, the Oakland and Clare County Prosecutors, and the Warden

at the Cooper Street Correctional Facility where Plaintiff is incarcerated.   The

action arises from Plaintiff's conviction in the Oakland Circuit Court for failing to

notify the State of unregistered vehicles located on his property in violation of

Michigan's Sex Offender Registration Act ("SORA").   In his Complaint, Plaintiff

requests that this case be adjudicated as a companion case to *Doe v. Snyder*, No.

2:16-cv-13137 (E.D. Mich. filed Aug. 30, 2016), because the court in that case

found unconstitutionally vague the SORA provision underlying Plaintiff's

1

conviction.   Plaintiff also requests that he be granted release from prison.   On

August 27, 2020, Plaintiff filed a motion again asking the Court to consider this

case as a companion matter to *Doe v. Snyder* and to issue a temporary restraining

order preventing his continued detention.   (ECF No. 4.)   For the reasons

explained below, the Court is summarily dismissing Plaintiff's Complaint and

denying as moot his pending motion.

## I. Background

Plaintiff was convicted of criminal sexual conduct involving a minor in

Wayne County Circuit Court in 2006, and he was later convicted of accosting a

child in Clare County Circuit Court in 2014.   These convictions obligated Plaintiff

to comply with SORA.   Plaintiff was on probation for his Clare County conviction

in 2018.   (ECF No. 1 at Pg ID 15.)

Plaintiff asserts that in June of 2018, he was charged with a probation

violation in Clare County for failing to report an unregistered van located on his

driveway – an act which also constituted a criminal violation of SORA.   (*Id*.)

Oakland County filed separate criminal charges for the violation.   (*Id*.)   Plaintiff

states that on March 11, 2019, he pleaded guilty to the probation violation in Clare

County, and was sentenced to 13-to-72 months' imprisonment.   (*Id*. at Pg ID 5-6,

16.)   Plaintiff also pleaded guilty to the SORA violation in Oakland County, and

was sentenced to a concurrent term of 8-months' imprisonment.   (*Id*. at Pg ID 5.)

Plaintiff asserts that on February 14, 2020, while he was incarcerated, he

learned that the SORA provision underlying the above convictions was ruled to be

unconstitutionally vague.   *See* Op. & Order, *Doe v. Snyder*, No. 16-13137 (E.D.

Mich. Feb. 14, 2020), ECF No. 84.   Plaintiff indicates that he therefore filed a

"Motion to Set Aside Judgment" in the Oakland Circuit Court under Michigan

Court Rule 2.612(C)(1), raising this constitutional challenge to his conviction.

(ECF No. 1 at Pg ID 6, 20-23.)   The prosecutor responded that Plaintiff was

proceeding under the wrong court rule, and that if he wished to challenge the

validity of his conviction, he was required to do so by filing a motion for relief

from judgment under Michigan Court Rule 6.501 et seq.   (*Id.* at Pg ID 25-3.)

When Plaintiff filed his Complaint in the current matter, his motion was still

pending in the Oakland County Circuit Court.   (*Id.* at Pg ID 7.)

## II. Standard

Plaintiff paid the full filing fee for this action.   Nevertheless, the Prison

Litigation Reform Act of 1996 requires a federal district court to screen a

prisoner's complaint and to dismiss the complaint if the allegations are frivolous,

malicious, fail to state a claim for which relief can be granted, or seek monetary

relief from a defendant who is immune from such relief.  *Flanory v. Bonn*, 604

F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C.

§ 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28

U.S.C. §§ 1915(e)(2), 1915A).   A complaint is frivolous if it lacks an arguable

basis in law or in fact.   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   "District

courts are required to screen all civil cases brought by prisoners, regardless of

whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented

by counsel, as the statute does not differentiate between civil actions brought by

prisoners."  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)

(emphasis added).

### III. Discussion

Plaintiff's Complaint is barred by the favorable-termination requirement set

forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

"Federal law opens two main avenues to relief on complaints related to

imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a

complaint under . . . 42 U.S.C. § 1983."  *Muhammad v. Close*, 540 U.S. 749, 750

(2004) (per curiam).   "Challenges to the validity of any confinement or to

particulars affecting its duration are the province of habeas corpus; requests for

relief turning on circumstances of confinement may be presented in a § 1983

action." *Id*. (internal citation omitted). A prisoner's claims are within the core of

habeas corpus if they challenge the fact or duration of a conviction or sentence.

*Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Nettles v. Grounds*, 830 F.3d

922, 934 (9th Cir. 2016) (en banc).

In *Heck*, the Supreme Court held that a § 1983 claim cannot proceed when

"a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence." 512 U.S. at 486-87. Accordingly, "a state prisoner's

§ 1983 action is barred (absent prior invalidation)—no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state

conduct leading to conviction or internal prison proceedings)—if success in that

action would necessarily demonstrate the invalidity of confinement or its

duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

*Heck* requires a plaintiff in a § 1983 action "first . . . to prove that his

conviction had been invalidated in some way." *McDonough v. Smith*, 139 S. Ct.

2149, 2157 (2019) (citing *Heck*, 512 U.S. at 486). "This favorable-termination

requirement, the Court explained, applies whenever 'a judgment in favor of the

plaintiff would necessarily imply' that his prior conviction or sentence was

invalid." *Id*. (quoting *Heck*, 512 U.S. at 487).

5

Plaintiff has not alleged that his conviction or sentence have been invalidated. *Id.*; *Goldman v. Consumers Credit Union*, No. 17-1700, 2018 WL 3089811, at *3 (6th Cir. Feb. 14. 2018) (affirming sua sponte dismissal under 28 U.S.C. § 1915(e)(2) where the plaintiff failed to allege that he successfully challenged his convictions).   When Plaintiff filed the current action, the Oakland County Circuit Court had not ruled on his motion to invalidate his conviction; nor had his convictions been invalidated by any other court.

This Court is not required to recharacterize Plaintiff's civil rights complaint as a petition for the writ of habeas corpus. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 509 (6th Cir. 2011).   The Court declines to do so particularly because Plaintiff has not yet exhausted his state court remedies as required under 28 U.S.C. § 2254(b) and (c). *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001).

Finally, because the Court dismisses the action pursuant to *Heck*, the dismissal is without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

## IV. Conclusion

For the reasons discussed above, the Court is **SUMMARILY DISMISSING WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.   Plaintiff's pending motion (ECF No. 4) is therefore **DENIED**

**AS MOOT**.   To the extent Plaintiff wishes to appeal this decision in forma

pauperis, the Court finds that the appeal would not be in good faith within the

meaning of 28 U.S.C. § 1915(a)(3).   *See McGore v. Wrigglesworth*, 114 F.3d 601,

611 (6th Cir. 1997).

      **IT IS SO ORDERED**.

s/ Linda V. Parker

LINDA V. PARKER

U.S. DISTRICT JUDGE

Dated: September 15, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, September 15, 2020, by electronic
and/or U.S. First Class mail.

s/ R. Loury

Case Manager
